RECEIVED

2005 JUL 18 A 10: 35

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, a mutual insurance company incorporated and organized under the laws of the State of Michigan,<br><br>Plaintiff,<br><br>v.<br><br>CENTER STATE RAILROAD SERVICES, INC., a corporation; and WILLIAM C. MEIGS d/b/a ABANDA TIMBER CO.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO: 3:05CV660-T<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** the Plaintiff Auto-Owners Insurance Company, and aver and alleges as follows:

### Jurisdictional Allegations

1. Plaintiff, Auto-Owners Insurance Company (hereinafter sometimes referred to as "Auto-Owners"), is a mutual insurance company incorporated and organized under the laws of the State of Michigan, having its principal place of business in the State of Michigan. Auto-Owners is not incorporated or organized in the State of Alabama or the State of Florida and does not have its principal place of business in the State of Alabama or the State of Florida. Plaintiff is authorized to do business in the State of Alabama and the State of Florida.

2. Defendant, Center State Railroad Services, Inc. (hereinafter sometimes referred to as "Center State"), is a Florida corporation whose principal place of business

is located in the State of Florida. Defendant Center State is not incorporated in and does not have its principal place of business in the State of Michigan or the State of Alabama.

3. Defendant, William C. Meigs is an individual over the age of nineteen years, and a resident citizen of Tallapoosa County, Alabama. Defendant, William C. Meigs, is the owner of and doing business as Abanda Timber Co., a sole proprietorship whose principal place of business is located in Chambers County, Alabama. Defendant, William C. Meigs, individually and/or doing business as Abanda Timber Co., is not a resident citizen of, not incorporated in, and does not have his/its/their principal place of business in the State of Michigan or in the State of Florida.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand and no/100 dollars ($75,000.00). Jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332 and the Federal Declaratory Judgment Act 29 U.S.C. §2201, et. seq. Venue is proper pursuant to 28 U.S.C.§1391.

## Count I

5. Auto-Owners Insurance adopts by reference and realleges paragraphs 1 through 4 of the Jurisdictional Allegations section of this complaint for declaratory judgment as if fully set forth herein.

6. Auto-Owners Insurance is an insurance company that for certain limited periods on and after 29 August 1997 and the date of the complaint had in force Auto-Owners Insurance policies of insurance issued to Center State Railroad Service, Inc. The Tailored Protection Policy of insurance contained a Commercial General Liability coverage (CGL) which provided certain insurance coverage, as defined and limited in the policy,

against damages that the insured became legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies under the CGL coverage. Said CGL coverage contained a number of limitations, exclusions, conditions and terms. Attached as Exhibit "1" to this complaint for declaratory judgment are true and correct specimen copies of excerpted portions of the applicable CGL coverage forms and endorsements of the above-referenced Tailored Protection insurance policies (minus the declaration pages). The entire contents of Exhibit "1" are hereby adopted and incorporated by reference as if fully set forth herein and are referred to for the specific policy language.

7. The subject Auto-Owners Tailored Protection insurance policy(s) were issued to Center State in the State of Florida; therefore, Florida law appears applicable.

8. On or about March 31, 2004 William C. Meigs d/b/a Abanda Timber Co. filed suit against Center State Railroad Services, Inc. in the Circuit Court of Chambers County, Alabama. The suit was styled <u>William C. Meigs d/b/a Abanda Timber Co. v. CSX Transportation, Inc., et als.,</u> Civil Action No. CV-04-089 (hereinafter sometimes referred to as the Meigs Lawsuit). On or about April 30, 2004 the Meigs Lawsuit was removed to the United States District Court for the Middle District of Alabama, Eastern Division and is docketed therein as Case No. 3:04-cv-428-F. A true and correct copy of the complaint in the Meigs Lawsuit is attached hereto as Exhibit "2". Counts One through Count Five of the complaint do not apply to Center State Railroad Services, Inc. Count Six alleges Fraud-Misrepresentation. Count Seven alleges Fraud-Suppression. Count Eight alleges Civil Conspiracy. Count Nine alleges Negligence/Wantonness. Count Ten alleges Unjust Enrichment. Count Eleven alleges Money had and Received. Count Twelve and Count

Thirteen of the complaint do not apply to Center State Railroad Services, Inc. The specific allegations of William C. Meigs d/b/a Abanda Timber Co. in the Meigs Lawsuit are set forth in Exhibit "2" to this complaint for declaratory judgment.

9. It is Auto-Owners' contention and position that its policy of insurance does not provide insurance coverage for all, or alternatively most, of the claims, damages and/or allegations asserted in the Plaintiff's complaint and the Meigs Lawsuit (Case No. 3:04-cv-428-F). Auto-Owners also contends that some or all of the claims, damages and/or allegations asserted or demanded in the complaint are excluded by the policy language, terms, conditions and/or exclusions contained in the policy, all of which are adopted by reference. Auto-Owners contends that it does not owe insurance coverage for the following reasons, among others:

    a.) The Commercial General Liability coverage contained in the policy (CG00011188) only provides coverage for sums which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "advertising injury" as defined in the policy. The damages or injury must occur in the coverage territory and during the policy period. Further, the insurance applies to "bodily injury" and "property damage" only if caused by an "occurrence" that takes place in the "coverage territory". Because of those policy provisions, the complaint in the Meigs Lawsuit appears to allege claims or seek damages that are not covered by the Auto-Owners Insurance policies. Furthermore, based on the allegations of the complaint, it appears the coverage issued from August 29, 2002 to August 29, 2004 may be the only coverages that could be applicable to the

4

        Meigs Lawsuit.

b.)    Auto-Owners' Commercial General Liability coverage only provides coverage for damages the insured is legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the policy applies as defined and limited in the particular coverage contained in the policy. Damages claimed by William C. Meigs d/b/a Abanda Timber Co. in the Meigs Lawsuit are in the form of damages to intangible property or damages for pure economic loss or of a contractual nature which are not damages because of bodily injury, property damage, personal injury or advertising injury as defined by Auto-Owners' policy of insurance and are not covered by the Auto-Owners insurance policies.

c.)    The complaint does not allege an advertising or personal injury offense; therefore, the complaint does not allege damages because of advertising injury or personal injury. Furthermore, Coverage B of the Auto-Owners Insurance Tailored Protection policies contains exclusions which could be applicable to some or all of the claims alleged in the Meigs Lawsuit even if an advertising injury or personal injury, as defined in the policy, was alleged.

d.)    The Commercial General Liability coverage contained in the Auto-Owners Insurance policies requires that damages because of property damage or bodily injury be caused by an occurrence. Occurrence is defined in the Commercial General Liability coverage as being an "accident". The complaint includes claims that do not allege an occurrence as defined in the Auto-Owners Insurance policies.

e.)   The complaint does not appear to allege an occurrence causing property damage or bodily injury that would be covered under the products-completed operations hazard coverage nor does the complaint allege sudden or accidental physical injury to tangible property.

f.)   To the extent the complaint may seek damages for breach of contract, certain terms, conditions and exclusions in the applicable policy may be or could become applicable. The Commercial General Liability coverage of the Auto-Owners Insurance policies do not provide liability coverage for damages because of liability assumed in a contract unless the contract is defined as an "insured contract". Further, Auto-Owners Insurance's policies do not provide coverage for pure economic loss occurring from a breach of contract and a breach of contract does not constitute an occurrence as defined in the CGL coverage. The Commercial General Liability coverage also contains a contractual liability exclusion [exclusion 2.b., Contractual Coverage Amendatory Endorsement 55069 (1-88)].

g.)   The lawsuit contains claims for willful and/or intentional wrongful conduct. Auto-Owners Insurance asserts that its policies do not provide coverage for bodily injury or property damage that would be expected or intended from the standpoint of the insured. [See exclusion 2.a., Section I, Coverage A of the Commercial General Liability coverage.] Auto-Owners Insurance also contends that such intentional acts or fraudulent conduct would not constitute an occurrence as defined in the Commercial General Liability coverage.

h.) The complaint seeks the recovery of punitive damages which may be based on willful or intentional fraud or suppression or intentional wrongful conduct. It is Auto-Owners Insurance's position that punitive damages or compensatory damages resulting from such intentional fraud or suppression or other intentional wrongful conduct would not be covered under the policy of insurance issued by Auto-Owners Insurance or under any coverage contained in such policy.

i.) Exclusions j. (4), j.(6), l and/or m may be or could become applicable to some or all of the allegations or damages alleged in the Meigs Lawsuit.

10. Conversely, Defendant Center State is believed to contend that the Auto-Owners Insurance policy of insurance covers some or all of the allegations, damages and/or actions contained in the complaint.

11. Auto-Owners is currently providing a defense under the Commercial General Liability Coverage to Center State as to the claims of William C. Meigs d/b/a Abanda Timber Co. under a full and complete reservation of rights including, without limitation, the right to withdraw the defense being provided.

12. Auto-Owners Insurance, therefore, avers that there exists between the parties a genuine controversy regarding whether there is coverage under the insurance policy in question and as to whether Auto-Owners Insurance is obligated to defend or indemnify Center State in the Meigs Lawsuit filed by William C. Meigs d/b/a Abanda Timber Co. and docketed herein as Case No. 3:04-cv-428-F. Auto-Owners Insurance requests that the Court declare the rights, obligations and remedies of the parties herein.

**WHEREFORE**, these premises considered, Auto-Owners Insurance Company prays

that the Court after hearing the evidence regarding the allegations of the complaint will enter a final judgment which orders and declares as follows:

    A.    That Plaintiff, Auto-Owners Insurance Company, does not owe insurance coverage to Center State under any coverage in any insurance policy issued by Auto-Owners Insurance Company for any of the claims or damages asserted by William C. Meigs d/b/a Abanda Timber Co. in the Meigs Lawsuit.

    B.    That Plaintiff, Auto-Owners Insurance Company, does not have a duty to defend Center State and that Auto-Owners does not have a duty to pay any damages, judgment or settlement based on the events alleged in the Meigs Lawsuit filed by William C. Meigs d/b/a Abanda Timber Co.

    C.    That Plaintiff, Auto-Owners Insurance Company, does not owe insurance coverage, a defense or indemnity to Defendant, Center State for any of the claims or damages alleged by William C. Meigs d/ba Abanda Timber Co. and/or set forth in the complaint and Meigs Lawsuit pending in Case No. 3:04-cv-428-F.

    D.    Alternatively, if the Court rules that Plaintiff, Auto-Owners Insurance Company, must defend Center State, Plaintiff Auto-Owners requests that the Court order the submission of special verdict forms and interrogatories in Case No.: 3:04-cv-428-F, that the Court make specific rulings and findings as to whether Plaintiff Auto-Owners owes the duty to pay any damages and/or judgment (subject to all limitations of any applicable policy) if a judgment is entered in favor of William C. Meigs d/b/a Abanda Timber Co., and that the Court specify what type and the amount of damages Auto-

      Owners is under a duty to pay if such judgment is entered.

E.     Alternatively, that the Court will specifically define what, if any, insurance coverage is owed by Plaintiff, Auto-Owners Insurance Company, to Defendant Center State.

F.     That the Court stay the entry of any judgment in favor of Plaintiff, William C. Meigs d/b/a Abanda Timber Co. in the event a judgment is returned in favor of William C. Meigs d/b/a Abanda Timber Co. in Case No. 3:04-cv-428-F until the insurance coverage questions are finally determined and declared.

G.     That the Court grant such other, further, different or appropriate relief to which Plaintiff, Auto-Owners Insurance Company, may be entitled under these premises considered.

DATED this the 18th day of July, 2005.

                  /s/ Roger S. Morrow
                  ROGER S. MORROW, MOR032

                  /s/ Joel H. Pearson
                  JOEL H. PEARSON, PEA019
                  Attorneys for Plaintiff, Auto-Owners Insurance Company

OF COUNSEL:

MORROW, ROMINE & PEARSON, P.C.
122 South Hull Street
Post Office Box 4804
Montgomery, Alabama 36103-4804
Telephone: (334) 262-7707
Facsimile: (334) 262-7742

**Plaintiff requests that the Defendants be served by certified mail, return receipt requested, at the following addresses:**

Center State Railroad Services, Inc.
c/o John R. Council, Registered Agent
14028 5th Street
Dade City, Florida 33525

William C. Meigs d/b/a
Abanda Timber Co.
17033 AL Highway 77
Wadley, AL 36276