IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

WILLIAM C. MEIGS, d/b/a      *
ABANDA TIMBER CO.      *
     *
     Plaintiff,      *
     *
vs.      *    CIVIL ACTION NO.: CV04-089
     *
CSX TRANSPORTATION, INC., a      *
corporation; ROGER JACKSON, an      *
individual; CENTER STATE RAILROAD      *
SERVICES, INC., a corporation; and      *
JEFFERSON SMURFIT CORPORATION      *
(U.S.), a corporation;      *
Fictitious Defendant "A", whether singular or      *
plural, are those other entities, firms,      *
corporations, or other persons such as those      *
persons or entities whose wrongful and/or      *
negligent conduct caused or contributed to      *
cause the injuries and damages to the Plaintiff,      *
all of whose true and correct names are      *
unknown to Plaintiff at this time, but will be      *
substituted by amendment when ascertained.      *
Fictitious Defendant "B", whether singular or      *
plural, are those other agents of any of the      *
Defendants herein whose wrongful and/or      *
negligent conduct caused or contributed to      *
cause the injuries and damages to the Plaintiff,      *
all of whose true and correct names are      *
unknown to Plaintiff at this time, but will be      *
substituted by amendment when ascertained.      *
     *
     Defendants.      *



FILED IN OFFICE

MAR ? 2?4

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## C O M P L A I N T

COMES NOW the Plaintiff, William C. Meigs, d/b/a Abanda Timber Co, and brings this

action against the above-named Defendants, and as grounds therefor shows as follows:

**EXHIBIT "2"**

## JURISDICTIONAL ALLEGATIONS

1.  William C. Meigs is a resident citizen of Tallapoosa County, Alabama and is over the age
    of nineteen years.  He is the owner of Abanda Timber Co., a sole proprietorship located in
    Chambers County, Alabama.

2.  Defendant CSX Transportation, Inc. (hereinafter, "CSX") is, upon information and belief,
    a Virginia corporation with its principal place of business in Virginia, doing business at
    all times pertinent hereto in Chambers County, Alabama.

3.  Defendant Roger Jackson is a resident citizen of Alabama and is over the age of nineteen
    years.

4.  Defendant Center State Railroad Services, Inc. (hereinafter "Center State") is, upon
    information and belief, a Florida corporation with its principal place of business in
    Florida, doing business at all times pertinent hereto in Alabama.

5.  Defendant Jefferson Smurfit Corporation (U.S.) is, upon information and belief, a
    Delaware corporation with its principal place of business in Illinois, doing business at all
    times pertinent hereto in Chambers County, Alabama.

## FACTUAL ALLEGATIONS

6.  Plaintiff William C. Meigs is the owner of Abanda Timber Co., a buyer, seller, producer,
    and supplier of wood fibers and timber.

7.  On or around April 18, 1998, Abanda Timber Co. entered into an agreement with
    Defendant Jefferson Smurfit Corporation (hereinafter, "Smurfit"), a processor of wood
    fibers, and Defendant CSX, a railway transportation company.  This agreement took place
    in Chambers County, Alabama.

8.  Under the terms of the above-mentioned agreement, Abanda Timber Co. agreed to ship all of the timber or wood fibers it could supply to Defendant Smurfit and Smurfit agreed to buy all the timber or wood fibers that Plaintiff could supply. Defendant CSX agreed with the Plaintiff to transport all the wood supplied by Plaintiff to Defendant Smurfit.

9.  In reliance upon the agreement with Defendant Smurfit and Defendant CSX, Plaintiff purchased a wood yard in Chambers County for the purpose of supplying wood to Defendant Smurfit.

10. In relation to its purchase of the wood yard, Plaintiff became the assignee of a contract, Alabama, between the prior owner of the wood yard and Defendant CSX on April 23, 1998. Both the original contract and the assignment were entered into in Chambers County, Alabama.

11. At a time contemporaneously to or immediately after the initial agreement between Plaintiff, Defendant Smurfit, and Defendant CSX, the terms of the agreement between Plaintiff and Defendant Smurfit were set forth in a written contract. This contract between Plaintiff and Defendant Smurfit was entered into in Chambers County, Alabama, and has been renewed on roughly an annual basis since 1998.

12. Under the terms of the agreement between Plaintiff and Defendant CSX, when Plaintiff required shipments of wood to be made to Defendant Smurfit, Plaintiff would order Defendant CSX to send a specific number of railway cars to its wood yard. Plaintiff would then load the cars with wood, and, after an inspection and approval by Defendant CSX as to the proper loading of the railway cars by the Plaintiff, the loaded cars would be transported by Defendant CSX to Defendant Smurfit.

13.   At a time occurring after April 18, 1998, Defendant CSX began regularly failing to meet Plaintiff's requests for railway cars, sending Plaintiff only a fraction of the number of cars that Plaintiff requested.

14.   This continuing failure on the part of Defendant CSX has resulted in a tremendous reduction in the amount of wood delivered to Defendant Smurfit and caused Plaintiff to lose substantial revenue, as well as other injuries and damages.

15.   Due to Defendant CSX's continued failure to fulfill its contractual obligations to the Plaintiff, Defendant Smurfit has informed the Plaintiff that Smurfit will breach its contract with the Plaintiff by terminating said contract in advance of the express termination date provided for in the contract.

16.   The termination of the contract by Defendant Smurfit, who is by far the primary buyer of Plaintiff's wood products, will effectively end the Plaintiff's business and cause him to incur catastrophic financial losses.

17.   Defendant Roger Jackson (hereinafter "Jackson") is a train master for Defendant CSX at CSX's Montgomery, Alabama facilities. Jackson is the agent in fact and in law of Defendant CSX.

18.   During Defendant CSX's transportation of Plaintiff's wood products to Defendant Smurfit, all or a portion of the railway cars loaded with Plaintiff's shipments must first pass through Defendant CSX's facilities at various stations in Alabama.

19.   On several occasions, Defendant Jackson, and/or his employees, agents, or assigns, represented to the Plaintiff that Plaintiff was responsible for any problems or irregularities concerning the position or shifting of the loads in the railway cars upon their arrival at various CSX facilities.

20.    Defendant Jackson and Defendant CSX refused to allow Plaintiff's shipments to proceed from the various CSX facilities until Plaintiff paid substantial fees for the adjustment of the loads.

21.    Defendant Jackson further represented to the Plaintiff that any load adjustments to railway cars at Defendant CSX's facilities must be performed by Defendant Center State.

22.    In all of the aforesaid transactions the Plaintiff believed and relied on Defendants CSX and Jackson's representations. Plaintiff believed that he had no choice but to pay to adjust the loads in the cars. Also, Plaintiff believed that he had no choice but to use Defendant Center State and pay whatever rates were charged. Plaintiff paid substantial fees to Defendant Center State and/or Defendant CSX for the adjustments of the loads.

23.    In the alternative, Defendants Jackson and CSX committed or adopted the subject misrepresentations in such a manner that it concealed said misrepresentations. Plaintiff could not, through reasonable diligence, have discovered the patent misrepresentation since the violation and wrongdoing was self-concealing and the pertinent information was exclusively within the knowledge and possession of third parties, including the Defendants. The purposeful concealment of the wrong justifies tolling the running of the statute of limitations until the filing of this Complaint, or equitable tolling of the statute applies in these circumstances. Moreover, under the continuing wrong doctrine, the statute of limitations starts afresh upon each occurrence of the complained of wrong.

24.    Defendant Jackson concealed from the Plaintiff the material fact that any irregularities or problems with the loads shifting in the railway cars were not the fault or responsibility of the Plaintiff, but were in fact caused after the cars left the Plaintiff's control, by poor track conditions or improper handling at "hump" yards. Further, Defendant Jackson concealed

from the Plaintiff the material fact that Defendant Center State was not the only party allowed to adjust the loads in the cars, and that, in fact, Plaintiff was qualified and able to go on the various CSX yards to perform his own adjustments to the loads.

25. In the aforesaid transactions the Defendants CSX and Jackson occupied towards Plaintiff the position of adviser or counselor as reasonably to inspire confidence that Defendants were acting in good faith for the Plaintiff's interest, or because of the relative sophistication of the Defendants CSX and Jackson as to railroad business practices, to include financial transactions, these Defendants gained the confidence of the Plaintiff and purportedly committed acts or rendered advice with the Plaintiff's interest in mind. The Plaintiff reposed both trust and confidence in the Defendants CSX and Jackson; as a result, the Defendants CSX and Jackson gained an influence or superiority over the Plaintiff causing the Defendants and the Plaintiff to deal on unequalled terms; either because of overmastering influence by the Defendants CSX and Jackson, or a weakness, dependence, or trust reasonably reposed upon these Defendants by Plaintiff. Therefore a duty to disclose these suppressed material facts existed.

26. The Plaintiff discovered these suppressed fraudulent acts as well as all the above-referenced fraudulent misrepresentations at a time within two (2) years immediately preceding the filing of this Complaint.

27. This action is brought pursuant to the common law and statutory law of the State of Alabama. No claim is made under any federal statute or for any federal cause of action.

## COUNT ONE

### (Breach of Contract–CSX)

28.    The Plaintiff realleges and adopts by reference the allegations of the preceding paragraphs as if they were specifically set-out herein.

29.    Defendant CSX entered into a contract or contracts to provide railway transportation services for the Plaintiff by providing Plaintiff, upon demand, with the number of empty railway cars ordered by the Plaintiff, so that Plaintiff could load these cars with wood products to ship to Defendant Smurfit.

30.    Defendant CSX has continually failed to meet its contractual obligations to Plaintiff by sending only a mere fraction of the railway cars ordered by the Plaintiff, leaving Plaintiff with no means by which to ship the full volume of Plaintiff's product to Defendant Smurfit.

31.    In so doing, the Defendant breached its contract or contracts with the Plaintiff.

32.    As a proximate result thereof the Plaintiff has been injured and damaged, and will continue to suffer damages in the future.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays judgment against the Defendant CSX and fictitious Defendants A and B and seeks full compensatory damages, to include all consequential and incidental damages as may be allowed by Alabama law, including interest and costs of Court.

## COUNT TWO

### (Fraud–Misrepresentation–CSX)

33.    The Plaintiff realleges and adopts by reference the allegations of the preceding paragraphs

as if they were specifically set-out herein.

34.    Defendant CSX and fictitious Defendants A and B suppressed material facts from the

Plaintiff by and through their misrepresentations and suppressions of material fact

concerning the contract and portions of it, as a part of pattern and practice of

misrepresentation committed upon their customers as a whole in violation of Ala. Code §

6-5-101, to-wit:

A.    Defendant CSX and fictitious Defendants A and B
knowingly, willfully and/or recklessly
misrepresented to Plaintiff that Defendant CSX and
fictitious Defendants A and B were going to meet
the Plaintiff's wood fiber shipping needs by sending
to Plaintiff, upon demand, the number of empty
railway cars ordered by the Plaintiff; or

B.    Defendant CSX and fictitious Defendants A and B
mistakenly or innocently misrepresented to Plaintiff
that Defendant CSX and fictitious Defendants A
and B were going to meet the Plaintiff's wood fiber
shipping needs by sending to Plaintiff, upon
demand, the number of empty railway cars ordered
by the Plaintiff.

35.    The facts suppressed by the Defendant CSX and fictitious Defendants A and B could not

have been discovered by the Plaintiff because of their self-concealing nature.

36.    The Defendant CSX and fictitious Defendants A and B had a duty to disclose these

material facts because of their relative sophistication and particular facts and

circumstances.

37.    As a proximate result of Defendant's misrepresentations and suppression of material

facts, Plaintiff has been personally injured and damaged.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays judgment against Defendant CSX and fictitious Defendants A and B and seeks full compensatory and punitive damages as may be allowed by Alabama law including interest and costs of Court.

## COUNT THREE

### (Fraud–Suppression–CSX)

38. The Plaintiff realleges and adopts by reference the allegations of the preceding paragraphs as if they were specifically set-out herein.

39. Defendants CSX and fictitious Defendants A and B suppressed material facts from the Plaintiff by and through their misrepresentations and suppressions of material fact concerning the contract and portions of it, as a part of pattern and practice of suppression committed upon their customers as a whole, in violation of Ala. Code § 6-5-102, to-wit:

     A.    Defendants CSX and fictitious Defendants A and B knowingly, willfully and/or wantonly suppressed from Plaintiff that Defendant CSX and/or fictitious Defendants A and B would not meet the Plaintiff's wood fiber shipping needs by sending to Plaintiff, upon demand, the number of empty railway cars ordered by the Plaintiff; or

     B.    Defendants CSX and fictitious Defendants A and B, without knowledge of the true facts, recklessly and/or innocently suppressed from Plaintiff that Defendant CSX and fictitious Defendants A and B would not meet the Plaintiff's wood fiber shipping needs by sending to Plaintiff, upon demand, the number of empty railway cars ordered by the Plaintiff.

40. The facts suppressed by the Defendants CSX and fictitious Defendants A and B could not have been discovered by the Plaintiff because of their self-concealing nature.

41.    The Defendants had a duty to disclose these material facts because of their relative

sophistication and particular facts and circumstances.

42.    As a proximate result of Defendants' suppression of material facts, Plaintiff has been

personally injured and damaged.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays judgment against the

Defendants CSX and fictitious Defendants A and B, and seeks full compensatory and punitive

damages as may be allowed by Alabama law including interest and costs of Court.

## COUNT FOUR

### (Fraud–Misrepresentation–CSX, Jackson)

43.    The Plaintiff realleges and adopts by reference the allegations of the preceding paragraphs

as if they were specifically set-out herein.

44.    Defendants CSX, Jackson, and fictitious Defendants A and B suppressed material facts from

the Plaintiff by and through its misrepresentations and suppressions of material fact concerning the

contract and portions of it, as a part of pattern and practice of misrepresentation committed upon its

customers as a whole, in violation of Ala. Code § 6-5-101, to-wit:

A.    Defendant CSX, Jackson, and fictitious Defendants A and B
knowingly, willfully and/or recklessly misrepresented
to Plaintiff that Plaintiff was responsible for any
problems or irregularities concerning the position or
shifting of the loads in the railway cars upon their
arrival at various CSX facilities; or

B.    Defendant CSX, Jackson, and fictitious Defendants A
and B mistakenly or innocently misrepresented to
Plaintiff that Plaintiff was responsible for any
problems or irregularities concerning the position or
shifting of the loads in the railway cars upon their
arrival at various CSX facilities.

45. The facts suppressed by the Defendant CSX, Jackson, and fictitious Defendants A and B could not have been discovered by the Plaintiff because of their self-concealing nature.

46. The Defendant CSX, Jackson, and fictitious Defendants A and B had a duty to disclose these material facts because of their relative sophistication and particular facts and circumstances.

47. As a proximate result of Defendant's misrepresentations and suppression of material facts, Plaintiff has been personally injured and damaged.

   **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays judgment against Defendant CSX, Jackson, and fictitious Defendants A and B and seeks full compensatory and punitive damages as may be allowed by Alabama law including interest and costs of Court.

## COUNT FIVE

(Fraud–Suppression–CSX, Jackson)

48. The Plaintiff realleges and adopts by reference the allegations of the preceding paragraphs as if they were specifically set-out herein.

49. Defendants CSX, Jackson, and fictitious Defendants A and B suppressed material facts from the Plaintiff by and through their misrepresentations and suppressions of material fact concerning the contract and portions of it, as a part of pattern and practice of suppression committed upon their customers as a whole, in violation of Ala. Code § 6-5-102, to-wit:

   A. Defendants CSX, Jackson, and fictitious Defendants A and B knowingly, willfully and/or wantonly suppressed from Plaintiff the material fact that Plaintiff was not responsible for any problems or irregularities concerning the position or shifting of

the loads in the railway cars upon their arrival at various CSX facilities; or

B.    Defendants CSX, Jackson, and fictitious Defendants A and B, without knowledge of the true facts, recklessly and/or innocently suppressed from Plaintiff the material fact that Plaintiff was not responsible for any problems or irregularities concerning the position or shifting of the loads in the railway cars upon their arrival at various CSX facilities.

50.    The facts suppressed by the Defendants CSX, Jackson and fictitious Defendants A and B could not have been discovered by the Plaintiff because of their self-concealing nature.

51.    The Defendants had a duty to disclose these material facts because of their relative sophistication and particular facts and circumstances.

52.    As a proximate result of Defendants' suppression of material facts, Plaintiff has been personally injured and damaged.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays judgment against the Defendants CSX, Jackson, and fictitious Defendants A and B, and seeks full compensatory and punitive damages as may be allowed by Alabama law including interest and costs of Court.

## COUNT SIX

(Fraud–Misrepresentation–CSX, Jackson, Center State)

53.    The Plaintiff realleges and adopts by reference the allegations of the preceding paragraphs as if they were specifically set-out herein.

54.    Defendants CSX, Jackson, Center State and fictitious Defendants A and B suppressed material facts from the Plaintiff by and through its misrepresentations and suppressions of material fact concerning the contract and portions of it, as a part of pattern and practice of

misrepresentation committed upon its customers as a whole, in violation of Ala. Code §

6-5-101, to-wit:

    A.    Defendant CSX, Jackson, Center State, and fictitious
        Defendants A and B knowingly, willfully and/or
        recklessly misrepresented to Plaintiff that any load
        adjustments to railway cars at Defendant CSX's
        facilities must be performed by Defendant Center
        State.

    B.    Defendant CSX, Jackson, Center State, and fictitious
        Defendants A and B mistakenly or innocently
        misrepresented to Plaintiff that any load adjustments
        to railway cars at Defendant CSX's facilities must be
        performed by Defendant Center State.

55.    The facts suppressed by the Defendants CSX, Jackson, Center State, and fictitious

Defendants A and B could not have been discovered by the Plaintiff because of their self-

concealing nature.

56.    The Defendants CSX, Jackson, Center State, and fictitious Defendants A and B had a

duty to disclose these material facts because of their relative sophistication and particular

facts and circumstances.

57.    Defendant Center State profited from these misrepresentations and suppressions, and

knew or should have known of these misrepresentations and suppressions due to its prior

course of dealing with Defendants CSX, Jackson, and fictitious Defendants A and B.

58.    As a proximate result of Defendant's misrepresentations and suppression of material

facts, Plaintiff has been personally injured and damaged.

    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays judgment against

Defendant CSX, Jackson, Center State, and fictitious Defendants A and B and seeks full

compensatory and punitive damages as may be allowed by Alabama law including interest and costs of Court.

## COUNT SEVEN

(Fraud–Suppression–CSX, Jackson, Center State)

59.   The Plaintiff realleges and adopts by reference the allegations of the preceding paragraphs as if they were specifically set-out herein.

60.   Defendants CSX, Jackson, Center State, and fictitious Defendants A and B suppressed material facts from the Plaintiff by and through their misrepresentations and suppressions of material fact concerning the contract and portions of it, as a part of pattern and practice of suppression committed upon their customers as a whole, in violation of Ala. Code § 6-5-102, to-wit:

       A.   Defendants CSX, Jackson, Center State, and fictitious Defendants A and B knowingly, willfully and/or wantonly suppressed from Plaintiff the material fact that any load adjustments to railway cars at Defendant CSX's facilities did not have to be performed by Defendant Center State, but could have been performed by the Plaintiff; or

       B.   Defendants CSX, Jackson, Center State, and fictitious Defendants A and B, without knowledge of the true facts, recklessly and/or innocently suppressed from Plaintiff the material fact that any load adjustments to railway cars at Defendant CSX's facilities did not have to be performed by Defendant Center State, but could have been performed by the Plaintiff.

61.   The facts suppressed by the Defendants CSX, Jackson, Center State, and fictitious
      Defendants A and B could not have been discovered by the Plaintiff because of their self-
      concealing nature.

62.   The Defendants had a duty to disclose these material facts because of their relative
      sophistication and particular facts and circumstances.

63.   Defendant Center State profited from these misrepresentations and suppressions, and
      knew or should have known of these misrepresentations and suppressions due to its prior
      course of dealing with Defendants CSX, Jackson, and fictitious Defendants A and B.

64.   As a proximate result of Defendants' suppression of material facts, Plaintiff has been
      personally injured and damaged.

      **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays judgment against the
Defendants CSX, Jackson, Center State, and fictitious Defendants A and B, and seeks full
compensatory and punitive damages as may be allowed by Alabama law including interest and
costs of Court.

## COUNT EIGHT

(Civil Conspiracy–CSX, Jackson, Center State)

65.   The Plaintiff realleges and adopts by reference the allegations of the preceding paragraphs
      as if they were specifically set-out herein.

66.   Defendants CSX, Jackson, Center State, and fictitious Defendants A and B in
      combination, conspired together in a concerted action, as a part of pattern and practice of
      suppression committed upon their customers as a whole, suppressed from the Plaintiff the
      material facts known to the Defendants CSX, Jackson, Center State and fictitious

Defendants A and B concerning Defendant CSX's actual responsibility for the shifting in the loads of the railway cars, as well as the misrepresentation that only Defendant Center State would be allowed to readjust the loads, as more particularly described hereinabove.

67.    As a proximate result thereof, Plaintiff has been personally injured and damaged.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays judgment against Defendants CSX, Jackson, Center State, and fictitious Defendants A and B and seeks full compensatory and punitive damages as may be allowed by Alabama law including interest and costs of Court.

## COUNT NINE

(Negligence/Wantonness–CSX, Jackson, Center State)

68.    The Plaintiff realleges and adopts by reference the allegations of the preceding paragraphs as if they were specifically set-out herein.

69.    Defendants CSX, Jackson, Center State, and fictitious Defendants A and B had a duty to make complete and accurate representations concerning these railway transportation service transactions.

70.    Defendants CSX, Jackson, Center State, and fictitious Defendants A and B failed to exercise reasonable and ordinary care in the operation of their business by making negligent and/or wanton representations concerning these railway transportation service transactions, and negligently and/or wantonly suppressing material facts known to them concerning these railway transportation service transactions.

71.    As a proximate result thereof, Plaintiff has been personally injured and damaged.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays judgment against the

Defendants CSX, Jackson, Center State, and fictitious Defendants A and B and seeks full compensatory and punitive damages as may be allowed by Alabama law including interest and costs of Court.

### COUNT TEN

(Unjust Enrichment–CSX, Center State)

72.    The Plaintiff realleges and adopts by reference the allegations of the preceding paragraphs as if they were specifically set-out herein.

73.    By the conduct of the Defendants CSX, Jackson, Center State, and fictitious Defendants A and B, Plaintiff has suffered a detriment, and the Defendants CSX and Center State have received a benefit as a result.  The Defendants are under an obligation, from the ties of natural justice, to refund the excessive amounts charged against and withheld from the Plaintiff, which ought not in justice to be kept by the Defendants.

74.    Because of the actions of the Defendants, the law implies a debt, founded in the equity, as it were upon a contract to recover back money, which ought not in justice to be kept, is very beneficial, and therefore much encouraged.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays judgment against Defendants CSX, Center State, and fictitious Defendants A and B and seeks full compensatory and punitive damages as may be allowed by Alabama law including interest and costs of Court.

## COUNT ELEVEN

(Money had and Received–CSX, Center State)

75.   The Plaintiff realleges and adopts by reference the allegations of the preceding paragraphs as if they were specifically set-out herein.

76.   The Defendants CSX and Center State hold money which in equity and good conscience belongs to the Plaintiff or was improperly paid to the Defendants CSX and Center State because of mistake or fraud.

77.   As a proximate result thereof the Plaintiff has been injured and damaged.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays that the Court will impose a constructive trust on the proceeds wrongfully retained by the Defendants; and order Defendants CSX, Center State, and fictitious Defendants A and B to refund to the Plaintiff and make restitution of all fees charged by the Defendants plus interest and penalties. The Plaintiff further prays that upon a final hearing and determination of this cause, the court will enjoin the Defendants from continuing the wrongful acts herein complained of.

## COUNT TWELVE

(Negligent Hiring, Training, and Supervision–CSX)

78.   Plaintiffs reaver and reallege all the allegations in the previous paragraphs as if set out in full herein.

79.   Defendant CSX was negligent or wanton in the hiring, training, and supervision of Roger Jackson and fictitious Defendants A and B, because Jackson and/or fictitious Defendants A and B, to include those whose actions or omissions resulted in Plaintiff's requests for

empty railway cars going unmet, were unqualified, inexperienced, irresponsible, deficient in temperament or disposition and/or incapable of competently performing their job duties for CSX. The Defendant CSX knew or by the exercise of reasonable care, should have known that Roger Jackson and/or fictitious Defendants A and B were unqualified, inexperienced, irresponsible, deficient in temperament or disposition and/or incapable of performing their job duties for CSX.

80.    As a proximate result of the fact that Defendant Jackson and fictitious Defendants A and B were unqualified, inexperienced, irresponsible, deficient in temperament or disposition and/or incapable of competently performing their job duties for CSX, the Plaintiff was injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendants CSX and fictitious Defendants A and B, jointly and severally, and seeks full compensatory and punitive damages as may be allowed under Alabama law, including interest and costs of Court.

## COUNT THIRTEEN

(Anticipatory Repudiation/Breach of Contract–Smurfit)

81.    The Plaintiff realleges and adopts by reference the allegations of the preceding paragraphs as if they were specifically set-out herein.

82.    Defendant Smurfit entered into a contract or contracts to purchase Plaintiff's wood products until the termination of the contract or contracts according to the express contractual terms.

83.  Plaintiff detrimentally relied on the contractual promises of Defendant Smurfit by purchasing the wood yard for the purpose of fulfilling Plaintiff's contractual duties to Defendant Smurfit.

84.  Defendant Smurfit has made known to the Plaintiff that Smurfit intends to breach its contract with the Plaintiff by unilaterally terminating the contract before the date of termination set forth in the provisions of the contract.

85.  In so doing, Defendant Smurfit has substantially impaired the value of Plaintiff's contract.

86.  Such action by Defendant Smurfit constitutes an anticipatory repudiation and entitles Plaintiff to all remedies and recovery of all damages as if a total breach of the contract by Defendant Smurfit had already occurred.

87.  As a proximate result thereof the Plaintiff has been injured and damaged, and will continue to suffer damages in the future.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays judgment against the Defendant Smurfit and seeks full compensatory damages, to include all consequential and incidental damages as may be allowed by Alabama law, including interest and costs of Court. Plaintiff seeks other injunctive relief as may be appropriate under Alabama law and determined by the Court.

Done this the _29 TH_ day of March, 2004.

THE INGRAM ◆ MONCUS LAW FIRM

Kenneth Ingram, Attorney for Plaintiff

_____
Leonard D. Brooks, III, Attorney for Plaintiff

Post Office Box 1750
Alexander City, Alabama   35011
(256) 212-9700
ING015
BRO177

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY
ON ALL ISSUES INVOLVED IN THIS ACTION**

_____
Of Counsel

**Defendants may be served at the following address:**

CSX Transportation, Inc.
Bobby H. Pate                        VIA CERTIFIED MAIL
4100 Vanderbilt Road
Birmingham, Alabama   35217

Roger Jackson
2057 Bell Street                     VIA CERTIFIED MAIL
Montgomery, Alabama   36104

Jefferson Smurfit Corporation (U.S.)
The Corporation Company              VIA CERTIFIED MAIL
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama   36109

Center State Railroad Services, Inc.
John R. Council                      VIA CERTIFIED MAIL
14028 5th Street
Dade City, Florida   33525